UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| HELFERICH PATENT LICENSING, LLC, | ) | |
|---|---|---|
| | ) | |
| | ) | Case No. 10-cv-4387 |
| Plaintiff, | ) | Case No. 11-cv-7395 |
| v. | ) | Case No. 11-cv-7607 |
| | ) | Case No. 11-cv-7647 |
| THE NEW YORK TIMES COMPANY; | ) | Case No. 11-cv-9143 |
| G4 MEDIA, LLC; | ) | |
| CBS CORPORATION; | ) | Judge John W. Darrah |
| BRAVO MEDIA, LLC; | ) | |
| J.C. PENNEY CORPORATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, Helferich Patent Licensing, LLC ("HPL"), filed suit against Defendants, The New York Times Company ("NYT"); G4 Media, LLC ("G4"); CBS Corporation ("CBS"); Bravo Media, LLC ("Bravo"); and J.C. Penney Corporation, Inc. ("J.C. Penney"), alleging claims of patent infringement. The parties filed cross-motions for summary judgment on the issue of patent exhaustion, and on August 14, 2013, this Court issued a Memorandum Opinion and Order ("the Opinion") granting Defendants' motion for summary judgment and denying HPL's cross motion. HPL filed a motion for reconsideration under Fed. R. Civ. P. 54(b) or, alternatively, under Fed. R. Civ. P. 59(e). For the reasons stated below, this Motion [314] is granted in part and denied in part.

## STATEMENT

Any omission of U.S. Patent No. 7,155,241 from the Opinion was inadvertent, and that Patent was specifically contemplated in the Opinion; the ruling is applicable to that Patent. This

clarification, together with the Order entered on September 11, 2013, conditionally dismissing Defendants' counterclaims without prejudice, results in a final, appealable judgment.

Accordingly, this Motion is properly considered under Fed. R. Civ. P. 59(e), which governs motions to alter or amend a judgment. "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511–12 (7th Cir. 2007)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997) and noting the movant in reconsideration simply "took umbrage with the court's ruling and rehashed old arguments.").

HPL's reconsideration motion might better be characterized as a motion for clarification, because, instead of identifying manifest errors of fact or law, HPL requests, "if only for sake of clarity of the appellate record," to amend the Opinion and provide additional information and analysis regarding evidence HPL submitted, which HPL did not believe was adequately addressed by the Court. HPL also seeks clarification of a footnote under the premise that it would further assist the appellate court. HPL finally seeks clarification with respect to the impact of the Opinion on potential future licensing agreements.

*Footnote 2*

In the second footnote of the Opinion, the Court states: "Plaintiff also attempts to designate certain statements and arguments in Defendants' brief in support of their motion as Defendants' Statements of Material Facts, and then provide responses to these statements and

2

arguments. Plaintiff's approach goes beyond the scope of Local Rule 56.1; these statements are not properly identified as statements of material facts for purposes of Local Rule 56.1 and will not be regarded as such, nor will Plaintiff's responses be considered."

"Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, [the Seventh Circuit has] repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings." *Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011). The determination of how strictly to enforce these rules "is one left to the district court's discretion." *Id.* at 887 (quoting *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995)). This footnote was within the discretion of the Court, and reconsideration is denied on this basis.

### *The Grindon Declaration*

The next issue HPL raises in its reconsideration motion is that the Court, in ruling on the summary judgment motions, did not properly consider, or did not at all consider, evidence put forth by HPL in the form of Dr. John R. Grindon's declaration. While a reconsideration motion allows a court to correct its errors, "it is not an opportunity for a disappointed party to rehash the same arguments that it raised earlier." *Zepter v. Dragisic*, 237 F.R.D. 185, 187 (N.D. Ill. 2006) (citing *Oto*, 224 F.3d at 606). The Court considered and gave the appropriate weight, if any, to everything properly before the Court in ruling on the motions for summary judgment. HPL's Motion to Reconsider on this basis is also denied.

### *Further Clarification*

Finally, HPL "asks that the Court clarify that its ruling of exhaustion does not apply with regard to unlicensed phones that have or will enter the market and that were not at issue in these

proceedings." (Mot. at 11.) The Court ruled on the issues presented to it. Accordingly, the Motion to Reconsider is denied on this basis.

For the reasons stated above, HPL's Motion for Reconsideration is granted with respect to clarifying that the Opinion specifically contemplates the inclusion of U.S. Patent No. 7,155,241. HPL's other bases for reconsideration are denied.

Date: December 4, 2013

JOHN W. DARRAH
United States District Court Judge